UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICK EPPERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-221 AS |
| | ) | |
| LARRY SWANK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

On June 24, 2005, Plaintiff Nick Eppert (Eppert) filed a complaint alleging a defamation claim in state court.  This case was subsequently removed to this Court by Defendant Larry Swank (Swank) on May 8, 2007.

On June 22, 2007, Eppert filed a motion to remand this case back to state court, which Swank objected to on July 10, 2007.  Eppert filed a reply in support of his motion on August 24, 2007.  On August 29, 2007, this case was fully referred to the undersigned to issue a report and recommendation regarding all dispositive matters as well as the disposition of this case.

On January 11, 2008, this Court held an in-court hearing on Eppert's motion to remand.  During the course of that hearing, the Court was advised by counsel that Eppert had recently passed away and ordered the parties to file supplemental briefs regarding the survivability of Eppert's defamation claim now that he was deceased.  On January 21, 2008, the parties filed their supplemental briefs and informed the Court that Eppert's defamation claim does not survive his death.

A court lacks jurisdiction to consider the merits of a moot case.  See Powell v. McCormack, 395 U.S. 486, 496 n. 7 (1969); Protestant Memorial Med. Cntr, Inc. v. Maram, 471

F.3d 724, 732 (7th Cir. 2006). "A court lacks discretion to consider the merits of a case over which it is without jurisdiction." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). Consequently, this issue of whether this case is moot is a preliminary question this Court must answer.

Eppert admits in his January 21, 2008, filing that the motion to remand is moot. However, Ind. Code § 34-9-3-1 establishes that this entire case is moot. Indiana Code § 34-9-3-1 provides, in relevant part:

> (a) If an individual who is entitled or liable in a cause of action dies, the cause of action survives and may be brought by or against the representative of the deceased party *except* actions for:
>     (1) *libel;*
>     (2) *slander;*
>     (3) malicious prosecution;
>     (4) false imprisonment;
>     (5) invasion of privacy; and
>     (6) personal injuries to the deceased party …

(emphasis added). Eppert's defamation claim is either based on Swank's actions that are either allegedly libel or slander. However, Ind. Code § 34-9-3-1 commands that such a claim does not survive as cause of action after Eppert's death. Simply put, because Eppert is deceased, the motion to remand as well as this entire case are both moot. This Court **RECOMMENDS** that the motion to remand be **DENIED AS MOOT** and that this case also be **DISMISSED**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**
>
> **SO ORDERED.**

Dated this 24th Day of January, 2008

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge